## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

NEVIN MEYER and STEFAN
MEYER, an individual, and on behalf
of all other similarly situated
individuals

      Plaintiffs,

v.                        Case No:   2:15-cv-583-FtM-99CM

U.S. INSTALLATION GROUP,
INC.,

      Defendant.

_____

## ORDER

Before the Court are named Plaintiffs'[1] Nevin Meyer and Stefan Meyer and Defendant's Joint Motion for Judicial Approval of the Parties' Settlement Agreements, and for Dismissal with Prejudice as to Nevin and Stefan Meyer ("Motion for Settlement," Doc. 48) and Defendant and Opt-In Plaintiff Jeffrey Higgins' Joint Motion for Clarification of the FLSA Scheduling Order or, in the alternative, Joint Motion for Extension of Time to Comply with the FLSA Scheduling Order ("Motion for Clarification," Doc. 61).   For the reasons set forth below, the Motion for settlement is denied without prejudice, and the Motion for Clarification is granted.

The parties provided a copy of the Settlement Agreements for the Court's review.   Doc. 48 at 8-13.   The parties request the Court approve the settlement of

---

[1] The Court notes that several Plaintiffs have opted in to this action.  *See* Doc.   34, 53, 54.   This proposed settlement, however, relates only to the settlement between the named Plaintiffs and Defendant.   *See* Doc. 48.

the Fair Labor Standards Act ("FLSA") claims.   To approve the settlement, the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the FLSA.   *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982).   There are two ways for a claim under the FLSA to be settled or compromised.   *Id.* at 1352-53.   The first is under 29 U.S.C. § 216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees.   *Id.* at 1353.   The second is under 29 U.S.C. § 216(b) when an action is brought by employees against their employer to recover back wages.   *Id.*   When the employees file suit, the proposed settlement must be presented to the district court for the district court's review and determination that the settlement is fair and reasonable.   *Id.* at 1353-54.

The Eleventh Circuit found settlements to be permissible when the lawsuit is brought by employees under the FLSA for back wages because the lawsuit

> provides some assurance of an adversarial context.   The employees are likely to be represented by an attorney who can protect their rights under the statute.   Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching.   If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* at 1354.

In this case, named Plaintiffs Nevin Meyer and Stefan Meyer worked for Defendant as floor installers from August 20, 2013 through May 20, 2015.   Docs. 32

at 1, 33 at 1.   Plaintiffs allege that Defendant misclassified them as exempt from overtime.   Docs. 32 at 2, 33 at 2.   Plaintiffs originally calculated the amounts owed to them as $28,813.07 each in unliquidated damages.   Docs. 32 at 2-4, 33 at 2-4.   As a reasonable compromise of the disputed issues, Defendant has agreed to pay Plaintiffs $9,500.00 each for wages and liquidated damages.   Doc. 48 at 8, 11. Defendant also as agreed to Plaintiffs' attorney's fees.   *Id.*

Plaintiffs agreed to accept less than the amount originally claimed "due to the highly complex inquiry that would have to take place." Doc. 48 at 3.   Additionally, the parties seek to avoid the given risks, uncertainties and expense of further litigation.   *Id.* at 6.   Based on the parties' representations and the policy in this circuit of promoting settlement of litigation, the Court finds this portion of the proposed settlement to be a fair and reasonable compromise of the dispute.   Other courts in this district similarly have approved settlements for a compromised amount in light of the strength of the defenses, the complexity of the case, and the expense and length of continued litigation.   See e.g., *Diaz v. Mattress One, Inc.*, No. 6:10–cv–1302–Orl–22DAB, 2011 WL 3167248 (M.D. Fla. July 15, 2011); *see also Dorismond v. Wyndham Vacation Ownership, Inc.*, No. 6:14–cv–63–Orl–28GJK, 2014 WL 2861483 (M.D. Fla. June 24, 2014).

As part of the settlement, the Defendant agrees to pay Plaintiffs' attorney's fees.   Doc. 48 at 4.   The parties assert that the amount of attorneys' fees was negotiated separately from Plaintiffs' recovery and did not affect Plaintiffs' recovery. *Id.*   The "FLSA requires judicial review of the reasonableness of counsel's legal fees

to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009).   Pursuant to *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009),

> the best way to insure that no conflict [of interest between an attorney's economic interests and those of his client] has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered.   If these matters are addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement.

In the instant case, the settlement was reached and the attorneys' fees were agreed upon separately and without regard to the amount paid to the Plaintiffs.   The Court, however, is unclear as to the scope of the settlement of the attorneys' fees and costs. In the motion, the parties state that "each party is to bear his or its own costs and attorney's fees except as provided pursuant to the agreement."   Doc. 48 at 4.   The agreement, however, is unclear in that it states that Defendant agrees to pay Plaintiffs' attorney a sum which was negotiated separately, but "except as set forth herein, each party shall bear his or its own costs and attorneys' fees."   *Id.* at 8. While the Court does not require that the parties indicate the amount paid in attorneys' fees, here, it is simply unclear as to whether Defendant has agreed to pay Plaintiffs' attorneys' fees or the scope of such agreement.

Additionally, the settlement agreements include a general release of claims. Doc. 48 at 9, 12.   In FLSA cases, general releases are typically disfavored because "a pervasive release in an FLSA settlement confers an uncompensated, unevaluated,

and unfair benefit on the employer." *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1352 (M.D. Fla. 2010) (holding that the proposed FLSA settlement agreement was unfair and precludes evaluation of the compromise because of the pervasive and unbounded scope of the release).   Additionally, "[p]rovisions in a FLSA settlement agreement that call for keeping the terms of the settlement confidential or prohibiting disparaging remarks contravene FLSA policy and attempt to limit an individual's rights under the First Amendment." *Housen v. Econosweep & Maint. Servs., Inc.*, No. 3:12-CV-461-J-15TEM, 2013 WL 2455958, at *2 (M.D. Fla. June 6, 2013).

Other courts within this district have approved general releases in FLSA cases when the plaintiff receives compensation that is separate and apart from the benefits to which plaintiff is entitled under the FLSA.   *Weldon v. Backwoods Steakhouse, Inc.*, 6:14–cv–79–Orl–37TBS, 2014 WL 4385593, at *4 (M.D. Fla. Sept. 4, 2014); *Buntin v. Square Foot Management Company, LLC*, 6:14–cv–1394–Orl–37GJK, 2015 WL 3407866, at *2 (M.D. Fla. May 27, 2015); *Raynon v. RHA/Fern Park MR., Inc.*, 6:14–cv–1112–Orl–37TBS, 2014 WL 5454395, at *3 (M.D. Fla. Oct. 27, 2014).   In *Weldon*, the court approved a settlement agreement that contained a general release and non-disparagement agreement because they were supported by independent consideration, in addition to the sum the plaintiff would receive from the FLSA settlement.   *Weldon*, 2014 WL 4385593, at *4.   In *Buntin*, the court approved a settlement agreement that contained a general release because it was supported by independent consideration apart from that owed to him under the FLSA, specifically

a mutual general release and a specific neutral reference by defendant. *Buntin*, 2015 WL 3407866, at *3.

Here, not only have Plaintiffs not received any independent consideration for execution of the releases, the settlement agreements state that the settlement proceeds are contingent upon Plaintiffs signing the releases. Specifically, the proposed agreements have a provision titled "No Consideration Absent Execution of this Agreement," which states that Plaintiffs will not receive the monies and/or benefits absent execution of the agreements.

These provisions are in direct conflict with the purpose of the FLSA. The Eleventh Circuit has stated that the FLSA was enacted to protect workers from substandard wages and oppressive working hours. *Lynn's Food Stores, Inc.*, 679 F.2d at 1352. Moreover, "FLSA rights cannot be abridged by contract or otherwise waived because this would 'nullify the purposes' of the statute and thwart the legislative policies it was designed to effectuate." *Id.* (citing *Barrentine v. Arkansas-Best Freight System*, 450 U.S. 728 (1981)). Accordingly, the parties' Motion for Settlement is denied without prejudice.

Also before the Court is the Defendant and Opt-In Plaintiff, Jeffrey Higgins' Motion for Clarification. Doc. 61. Paragraph 4 of the FLSA Scheduling Order (Doc. 26) requires that within thirty (30) days of the filing of all answers to the Court's interrogatories that the parties meet and confer in person in a good faith effort to settle all pending issues. Doc. 26 at 3.

Here, prior to Opt-In Plaintiff Higgins filing his answers to the Court's interrogatories on June 30, 2016, he and Defendant engaged in a formal mediation on April 20, 2016.   Doc. 61 at 2.   The parties were unable to reach an agreement but wished to continue to negotiate.   *Id.*   The parties now seek clarification as to whether the mediation served to satisfy their obligation under paragraph 4 to meet and confer in person in order to reach a settlement.   *Id.* at 3.   The parties also seek clarification as to whether they are required to meet and confer in person for a second time.   *Id.*

The Court finds that the parties have not satisfied their obligations under paragraph 4 of the FLSA Scheduling Order because paragraph 4 anticipates that the parties have exchanged or provided certain information that should assist the parties in having a meaningful settlement discussion.   Here, Defendant did not have the benefit of having Opt-In Plaintiff Higgins' interrogatories prior to the mediation on April 20, 2016.   Doc. 61 at 2.   Now that the parties have exchanged additional information, the Court finds that it would be beneficial for the parties to meet and confer to attempt to settle any remaining issues.   Thus, the Court will allow Defendant and Opt-In Plaintiff Higgins shall have up to and including **September 23, 2016** to meet and confer in person as required in paragraph 4 of the FLSA Scheduling Order.

ACCORDINGLY, it is hereby

**ORDERED:**

1.      The Joint Motion for Judicial Approval of the Parties' Settlement Agreements, and for Dismissal with Prejudice as to Nevin and Stefan Meyer (Doc. 48) is **DENIED without prejudice**.

2.      The Joint Motion for Clarification of the FLSA Scheduling Order or, in the alternative, Joint Motion for Extension of Time to Comply with the FLSA Scheduling Order (Doc. 61) is **GRANTED.**   Defendant and Opt-In Plaintiff Jeffrey Higgins shall have up to and including **September 23, 2016** to meet and confer in person as required in paragraph 4 of the FLSA Scheduling Order.

      **DONE** and **ORDERED** in Fort Myers, Florida on this 24th day of August, 2016.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record