UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NEVIN MEYER and STEFAN
MEYER, an individual, and on behalf
of all other similarly situated
individuals

        Plaintiffs,

v.                                                                    Case No: 2:15-cv-583-FtM-99CM

U.S. INSTALLATION GROUP,
INC.,

        Defendant.

## REPORT AND RECOMMENDATION[1]

Before the Court is the Renewed[2] Joint Motion for Judicial Approval of the Parties' Settlement Agreements, and for Dismissal with Prejudice as to named Plaintiffs Nevin and Stefan Meyer[3] ("Motion for Settlement," Doc. 64). The parties request that the Court approve the parties' settlement of the Fair Labor Standards Act ("FLSA") claims. *Id.* The parties provided a copy of the Settlement Agreements

---

[1] A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. **In order to expedite a final disposition of this matter, if the parties have no objection to this Report and Recommendation, they promptly may file a joint notice of no objection.**

[2] The parties filed their initial motion for approval of their settlement agreements, which the Court denied without prejudice. Docs. 48, 62. The parties have filed this renewed motion to address the Court's concerns in the first motion, which the Court finds sufficiently clarified.

[3] Several plaintiffs have opted in to this action. *See* Docs. 34, 53, 54. This proposed settlement, however, relates only to the settlement between the named Plaintiffs and Defendant. *See* Doc. 48.

for the Court's review.  Docs. 64-1, 64-2.

To approve the settlement, the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the FLSA.  *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982).  There are two ways for a claim under the FLSA to be settled or compromised.  *Id.* at 1352-53.  The first is under 29 U.S.C. § 216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees.  *Id.* at 1353.  The second is under 29 U.S.C. § 216(b) when an action is brought by employees against their employer to recover back wages.  *Id.*  When the employees file suit, the proposed settlement must be presented to the district court for the district court's review and determination that the settlement is fair and reasonable.  *Id.* at 1353-54.

The Eleventh Circuit found settlements to be permissible when the lawsuit is brought by employees under the FLSA for back wages because the lawsuit

> provides some assurance of an adversarial context.  The employees are likely to be represented by an attorney who can protect their rights under the statute.  Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching.  If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* at 1354.

In this case, named Plaintiffs Nevin Meyer and Stefan Meyer were employed by Defendant as floor installers from August 20, 2013 through May 20, 2015. Docs. 32 at 1, 33 at 1. Plaintiffs allege that Defendant misclassified them as exempt from overtime. Docs. 32 at 2, 33 at 2. Plaintiffs originally calculated the amounts owed to them as $28,813.07 each in unliquidated damages. Docs. 32 at 2-4, 33 at 2-4. As a reasonable compromise of the disputed issues, Defendant has agreed to pay Plaintiffs $9,500.00 each for wages and liquidated damages. Docs. 64-1 at 1, 64-2 at 1. Defendant also has agreed to Plaintiffs' attorney's fees and costs in full. Doc. 64 at 4, 6.

Plaintiffs agreed to accept less than the amount originally claimed, among other reasons, because of the number of issues presented by both parties and "due to the highly complex inquiry that would have to take place." Doc. 64 at 3. The parties state that they have conducted research concerning the relevant legal issues and exchanged information regarding their respective positions, and agree that the proposed settlement is a fair and reasonable settlement of a bona fide dispute. *Id.*

Based on the parties' representations and the policy in this circuit of promoting settlement of litigation, the Court finds the proposed settlement to be a fair and reasonable compromise of the dispute. Other courts in this district similarly have approved settlements for a compromised amount in light of the strength of the defenses, the complexity of the case, and the expense and length of continued litigation. See e.g., *Diaz v. Mattress One, Inc.*, No. 6:10–cv–1302–Orl–22DAB, 2011 WL 3167248 (M.D. Fla. July 15, 2011); *see also Dorismond v. Wyndham Vacation*

*Ownership, Inc.*, No. 6:14–cv–63–Orl–28GJK, 2014 WL 2861483 (M.D. Fla. June 24, 2014).

As part of the settlement, the Defendant agrees to pay Plaintiffs' attorney's fees. Doc. 64 at 4, 6. The parties assert that the amount of attorneys' fees was negotiated separately from Plaintiffs' recovery and did not affect Plaintiffs' recovery. *Id.* at 6. The "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009). Pursuant to *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009),

> the best way to insure that no conflict [of interest between an attorney's economic interests and those of his client] has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered. If these matters are addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement.

In the instant case, the settlement was reached and the attorneys' fees were agreed upon separately and without regard to the amount paid to the Plaintiffs. Thus, having reviewed the settlement agreements (Docs. 64-1, 64-2), the Court finds the proposed terms of the settlement to be a fair and reasonable compromise of the dispute.

ACCORDINGLY, it is hereby

**RECOMMENDED:**

1. The Renewed Joint Motion for Judicial Approval of the Parties'

Settlement Agreements, and for Dismissal with Prejudice as to Nevin and Stefan Meyer (Doc. 64) be **GRANTED** and the Settlement Agreements (Docs. 64-1 and 64-2) be **APPROVED** by the Court as a fair and reasonable resolution of a bona fide dispute under the FLSA.

    2.    The Court enter an order **DISMISSING** with prejudice all claims asserted in this action by Plaintiffs Nevin Meyer and Stefan Meyer.

    **DONE** and **ENTERED** in Fort Myers, Florida on this 30th day of August, 2016.

*/s/ Carol Mirando*
CAROL MIRANDO
United States Magistrate Judge

Copies:
The Honorable John E. Steele
Counsel of record