UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NEVIN MEYER and STEFAN
MEYER, an individual, and on behalf
of all other similarly situated
individuals

        Plaintiffs,

v.                                                                  Case No: 2:15-cv-583-FtM-29CM

U.S. INSTALLATION GROUP,
INC.,

        Defendant.

## REPORT AND RECOMMENDATION[1]

This matter comes before the Court upon review of Plaintiff Jeffrey Higgins and Defendant's Joint Motion for Judicial Approval of the Parties' Settlement Agreement, and for Dismissal with Prejudice as to Jeffrey Higgins (Doc. 72) filed on September 22, 2016. The parties provided a copy of the Settlement Agreement for the Court's review. Docs. 72 at 9-11. The Settlement Agreement here is substantially similar to the Settlement Agreements between Plaintiffs Nevin and Stefan Myer and Defendant (Doc. 64-1; Doc. 64-2), which the Court has approved. Doc. 65; Doc. 68.

---

[1] A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. **In order to expedite a final disposition of this matter, if the parties have no objection to this Report and Recommendation, they promptly may file a joint notice of no objection.**

Plaintiff joined this action as an opt-in plaintiff. Doc. 34. On August 26, 2016, the Court advised Plaintiff to file a motion for leave to amend the complaint if he wants to become a named plaintiff. Doc. 63. On September 9, 2016, Plaintiff filed the motion for leave to amend (Doc. 66), which the Court granted on September 19, 2016. Doc. 67. Meanwhile, two named plaintiffs, Nevin Meyer and Stefan Meyer, and Defendant filed the Joint Notice of Settlement (Doc. 46) on June 1, 2016 and motions for judicial approval of their settlement agreement and for dismissal with prejudice as to the two plaintiffs (Docs. 48, 64). On August 30, 2016, the Court issued a Report and Recommendation that recommended approving the parties' settlement and dismissing with prejudice all claims asserted by the two named plaintiffs. Doc. 65. On September 20, 2016, the Honorable John E. Steele, United States District Judge, adopted the Report and Recommendation (Doc. 65) directing the Clerk of Court to enter judgment dismissing with prejudice all claims asserted by the two named plaintiffs. Doc. 68.

To approve the settlement, the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the FLSA. *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982). There are two ways for a claim under the FLSA to be settled or compromised. *Id.* at 1352-53. The first is under 29 U.S.C. § 216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees. *Id.* at 1353. The second is under 29 U.S.C. § 216(b) when an action is brought by employees against their employer to recover back wages. *Id.* When the employees

file suit, the proposed settlement must be presented to the district court for the district court's review and determination that the settlement is fair and reasonable. *Id.* at 1353-54.

The Eleventh Circuit found settlements to be permissible when the lawsuit is brought by employees under the FLSA for back wages because the lawsuit

> provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* at 1354.

In this case, Plaintiff has provided services as a floor installer to Defendant in the past three (3) years. Doc. 34 at 1. Plaintiff alleges that Defendant did not pay him overtime wages for hours worked in excess of forty (40) hours in a single work week. Doc. 72 at 2. Plaintiff originally calculated the amounts owed to him as $87,367.99 in wages. *Id.* As a reasonable compromise of the disputed issues, Defendant has agreed to pay Plaintiff $35,000.00 for wages and liquidated damages. *Id.* at 9. Defendant also has agreed to Plaintiff's attorney's fees and costs in full. *Id.* at 4.

Plaintiff agreed to accept less than the amount originally claimed, among other reasons, because of the number of issues presented by both parties and "due to the

highly complex inquiry that would have to take place." *Id.* at 3. The parties state that they have conducted research concerning the relevant legal issues and exchanged information regarding their respective positions, and agree that the proposed settlement is a fair and reasonable settlement of a bona fide dispute. *Id.*

Based on the parties' representations and the policy in this circuit of promoting settlement of litigation, the Court finds the proposed settlement to be a fair and reasonable compromise of the dispute. Other courts in this district similarly have approved settlements for a compromised amount in light of the strength of the defenses, the complexity of the case, and the expense and length of continued litigation. See e.g., *Diaz v. Mattress One, Inc.*, No. 6:10–cv–1302–Orl–22DAB, 2011 WL 3167248 (M.D. Fla. July 15, 2011); *see also Dorismond v. Wyndham Vacation Ownership, Inc.*, No. 6:14–cv–63–Orl–28GJK, 2014 WL 2861483 (M.D. Fla. June 24, 2014).

As part of the settlement, Defendant agrees to pay Plaintiff's attorney fees and costs in full. *Id.* at 4. The parties assert that the amount of attorneys' fees was negotiated separately from Plaintiff's recovery and did not affect Plaintiffs' recovery. *Id.* The "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009). Pursuant to *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009),

> the best way to insure that no conflict [of interest between an attorney's economic interests and those of his client] has tainted the settlement is

for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered. If these matters are addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement.

In the instant case, the settlement was reached and the attorney fees were agreed upon separately and without regard to the amount paid to Plaintiff. Thus, having reviewed the settlement agreements (Doc. 72 at 9-11), the Court finds the proposed terms of the settlement to be a fair and reasonable compromise of the dispute.

ACCORDINGLY, it is hereby

**RECOMMENDED:**

1. The Joint Motion for Judicial Approval of the Parties' Settlement Agreement, and for Dismissal with Prejudice as to Jeffrey Higgins (Doc. 72) be **GRANTED** and the Settlement Agreement (Doc. 72 at 9-11) be **APPROVED** by the Court as a fair and reasonable resolution of a bona fide dispute under the FLSA.

2. The Court enter an order **DISMISSING** with prejudice all claims asserted in this action by Plaintiff Jeffrey Higgins.

**DONE** and **ENTERED** in Fort Myers, Florida on this 26th day of September, 2016.

*[signature: Carol Mirando]*
CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record