```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                       FORT MYERS DIVISION
```

NEVIN MEYER, an individual,
and on behalf of all other
similarly situated
individuals and STEFAN
MEYER, an individual, and on
behalf of all other
similarly situated
individuals,

      Plaintiffs,

v.                                Case No: 2:15-cv-583-FtM-29CM

U.S. INSTALLATION GROUP,
INC., a Florida corporation,

      Defendant.
_____

## OPINION AND ORDER

This matter is before the Court on consideration of the Magistrate Judge's Report and Recommendation (Doc. #73), filed September 26, 2016, recommending that the Joint Motion for Judicial Approval of the Parties' Settlement Agreement, and for Dismissal With Prejudice as to Jeffrey Higgins (Doc. #72) be granted, the settlement approved, and plaintiff's claims dismissed with prejudice. The parties filed a Joint Notice of No Objection (Doc. #74) on September 26, 2016.

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's report and recommendation. 28 U.S.C. §

636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983).  In the absence of specific objections, there is no requirement that a district judge review factual findings *de novo*, Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993), and the court may accept, reject or modify, in whole or in part, the findings and recommendations.  28 U.S.C. § 636(b)(1)(C).  The district judge reviews legal conclusions *de novo*, even in the absence of an objection.  See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); Castro Bobadilla v. Reno, 826 F. Supp. 1428, 1431-32 (S.D. Fla. 1993), aff'd, 28 F.3d 116 (11th Cir. 1994) (Table).

After conducting an independent examination of the file and upon due consideration of the Report and Recommendation, the Court accepts the Report and Recommendation of the magistrate judge, and claims on behalf of plaintiff Jeffrey Higgins will be dismissed.

On August 26, 2016, the Court dismissed the claims of opt-in plaintiffs Christopher McCrory and Nicholas Speas without prejudice, and because a request to approve the settlement by the named plaintiffs was pending, opt-in plaintiff Jeffrey Higgins was directed to file a motion for leave to amend the complaint to become the named plaintiff.  (Doc. #63.)  Jeffrey Higgins filed a motion, and the Amended Complaint (Doc. #66-1) was accepted for filing upon dismissal of the named plaintiffs, Nevin Meyer and Stefan Meyer.  On September 20, 2016, the Court issued an Opinion

and Order dismissing with prejudice the claims of plaintiffs Nevin Meyer and Stefan Meyer.  On October 17, 2016, the Court directed the Clerk to file the Amended Complaint naming Higgins as the plaintiff on the docket as the operative pleading.  Plaintiff Jeffrey Higgins has now reached his own settlement, and the motion to approve the settlement is resolved below.  As a result, the case is once again left with no named plaintiff and would be subject to closure but for the Consents to Joint Lawsuit Under Fair Labor Standards Act (Docs. ## 53, 54) filed by opt-in plaintiffs Alexis Acosta and Juan Jhonson.  With the dismissal of Higgins as set forth below, once again plaintiffs' claims will be mooted unless named in an operative complaint as the new plaintiffs.

Accordingly, it is now

**ORDERED:**

1.   The Report and Recommendation (Doc. #73) is hereby **adopted** and the findings **incorporated** herein.

2.   The parties' Joint Motion for Judicial Approval of the Parties' Settlement Agreement, and for Dismissal With Prejudice as to Jeffrey Higgins (Doc. #72) is **granted** and the Settlement Agreement and General Release (Doc. #72, pp. 9-11) is approved as a fair and reasonable resolution of a bona fide dispute.

3.   The Clerk shall enter judgment **dismissing** the case with prejudice as to Jeffrey Higgins only.

   4.   Opt-in plaintiffs Alexis Acosta and Juan Jhonson shall file a Second Amended Complaint within **FOURTEEN (14) DAYS** of this Order if they wish to proceed with their claims.  If no operative pleading is filed, their claims will be deemed moot and the case closed.

   **DONE and ORDERED** at Fort Myers, Florida, this ___17th___ day of October, 2016.

   _____
   JOHN E. STEELE
   SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Hon. Carol Mirando
United States Magistrate Judge

Counsel of Record
Unrepresented parties